UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In the matter of the arbitration

    -between-

KAWASAKI KISEN KAISHA, LTD.,

        Petitioner,

    -and-

POSEIDON SHIPPING LINES, INC.,

        Respondent.
---------------------------------X

**16 Civ.**

<u>VERIFIED PETITION</u>

PLEASE TAKE NOTICE that Petitioner, KAWASAKI KISEN KAISHA, LTD. ("'K' LINE"), by its attorneys Mahoney & Keane LLP, as and for its Petition to compel arbitration with Respondent, POSEIDON SHIPPING LINES, INC. ("POSEIDON"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court's jurisdiction over this matter is based upon the Federal Arbitration Act, 9 U.S.C. §1 <u>et seq.</u> [hereinafter "FAA"], 28 U.S.C. §1333 (admiralty), 28 U.S.C. §1332 (diversity), 28 U.S.C. § 1331 (federal question), as well as the Court's pendent, supplementary and ancillary jurisdiction.

3. The District Court for the Southern District of New York is the proper venue for this matter pursuant to the FAA, inasmuch as the subject agreement between the parties provided for arbitration of any dispute in this District and stated the parties consent to the jurisdiction of this Court for all purposes related thereto.

4. Petitioner, "K" LINE, is a foreign corporation with a principal place of business located in Tokyo, Japan, and United States agent, "K" Line America, Inc., located at 8730 Stony Point Parkway, Suite 400, Richmond, Virginia 23235.

5. Respondent, POSEIDON, is a foreign corporation with a place of business located at 556 North Diamond Bar Boulevard, Suite 202, Diamond Bar, California 91765.

6. On or about October 2, 2012, Petitioner, "K" LINE, as Carrier, and Respondent, POSEIDON, as Shipper, entered into a service contract numbered RIC5026601 ("Service Contract") for the ocean carriage of plastic scrap from the port of Long Beach, California to ports in China, Hong Kong, and/or Taiwan. A true copy of the Service Contract is herewith attached as Exhibit 1.

7. Plastic scrap shipments moved under the Service Contract, as evidenced by "K" LINE bills of lading, from the United States to Hong Kong during the Service Contract period. POSEIDON was either the shipper or the forwarding agent listed on every bill of lading.

8. All the cargoes were abandoned in Hong Kong, and unpaid charges for ocean freight, demurrage, transloading, and disposal costs then accrued for the account of POSEIDON in the amount of no less than $1,478,325.98. A true copy of "K" LINE's Statement of Freight and Charges dated April 15, 2016 is herewith attached as Exhibit 2.

9. "K" LINE has repeatedly sought from POSEIDON payment for the aforesaid outstanding sums.

10. However, POSEIDON, in breach of its obligations under the Service Contract and terms of the "K" LINE bills of lading and tariffs which apply to carriage under the Service Contract, has to date refused to tender payment for the said amounts, which remain due and owing to "K" LINE.

11. Accordingly, on or about June 1, 2016, "K" LINE demanded arbitration of the dispute with POSEIDON under the rules of the Society of Maritime Arbitrators ("SMA") in New York, all as called for in the Service Contract, and nominated as arbitrator Manfred Arnold, Past President of the Society of Maritime Arbitrators. A true copy of "K" LINE's Demand for Arbitration is attached as Exhibit 3.

12. A true copy of the description of Mr. Arnold's background and experience, as found in the official SMA roster at www.smany.org, and readily demonstrating the propriety of his appointment, is attached as Exhibit 4.

13. On or about June 13, 2016, Mr. Arnold confirmed that he had no apparent conflicts and would accept the appointment. A true copy of Mr. Arnold's correspondence in this regard is attached as Exhibit 5.

14. However, Counsel for POSEIDON that same day, and without any explanation whatsoever, responded simply that "K" LINE "be advised that Poseidon Shipping Lines, Inc. denies 'K' Line's claims against it, and hereby rejects arbitration and nomination of the proposed mediator." A true copy of POSEIDON's correspondence in this regard is attached as Exhibit 6.

15. POSEIDON breached the terms of the Service Contract by failing to pay the freight, demurrage, and other costs due and owing to "K" LINE and by failing to proceed with the arbitration duly commenced by "K" LINE.

16. Pursuant to the FAA, a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition the United States District Court for an order directing that such arbitration proceed in the manner provided for in such agreement. 9 U.S.C. § 4.

17. Pursuant to the FAA, if a party fails to avail itself of the method provided in the agreement for naming or appointing an arbitrator, then upon application of either party to the controversy the Court shall designate and appoint an arbitrator who shall act under the said agreement with the same force and effect as if he or she had been specifically named therein. 9 U.S.C. § 5.

WHEREFORE, Petitioner, "K" LINE, requests an order:

(i) Compelling Respondent, POSEIDON, to proceed with the arbitration;

(ii) In light of POSEIDON's failure to nominate an arbitrator or articulate any basis for objecting the arbitrator suggested by "K" LINE", appointing Manfred Arnold as sole arbitrator or, in the alternative, appointing an arbitrator of the Court's choosing from the Society of Maritime Arbitrators; and

(iii) Granting to Petitioner such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 6, 2016

Respectfully submitted,

MAHONEY & KEANE LLP
Attorneys for Petitioner
KAWASAKI KISEN KAISHA, LTD.

By: _____
Edward A. Keane

_____
Garth S. Wolfson
40 Worth Street, Tenth Floor
New York, New York 10013
(212) 385-1422

ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Petitioner, and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Petitioner is that the Petitioner is a corporation none of the officers of which are present in this District.

6. The source of my knowledge is information and records furnished to me by the Petitioner and its representatives, all of which I believe to be true and accurate.

_____
Edward A. Keane

Sworn to before me on this
6th day of July, 2016

_____
Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO6076941
Qualified in New York County
Term Expires 4/28/19